**Ilona TARAY, individually and as Administratrix of the Estate of Otto Taray, a/k/a Otto Tatrai, Plaintiff,**

v.

**Stephen MOLDOVANYI, Defendant.**

**No. 78 C 2607.**

United States District Court,
E. D. New York.

Sept. 22, 1981.

Nicholas R. Doman, New York City, for plaintiff.

Cullen & Dykman, Brooklyn, N. Y. by Hugh M. Turk, Brooklyn, N. Y., for defendant.

## MEMORANDUM AND ORDER

NEAHER, District Judge.

Plaintiff commenced this action to recover some $31,000 in benefits payable by the New York State Teachers' Retirement System upon the death of her husband, Otto Taray. Before his marriage to plaintiff, Taray had designated defendant as beneficiary of the death benefits. Following Taray's death, New York State, apparently by administrative error, sent plaintiff notice of

the existence of the benefits. Plaintiff obtained an attorney who contacted defendant and, under circumstances described below, defendant executed an assignment of the benefits in favor of plaintiff. Following New York State's refusal to honor the assignment, defendant collected the benefits himself, resulting in this lawsuit.

Following a three-day trial, the jury returned a verdict in favor of defendant. The action is now before the Court on plaintiff's motion for judgment notwithstanding the verdict, Rule 50(b), or, in the alternative, for a new trial, Rule 59, F.R.Civ.P. For the reasons which follow, the Court is unable to grant plaintiff's motion.

At the outset, it is clear that the motion for judgment n. o. v. cannot be granted because plaintiff failed at trial to move for a directed verdict at the close of all the evidence. *Mattivi v. South African Marine Corp.*, 618 F.2d 163, 167 n.3 (2d Cir. 1980); *Oliveras v. American Export Isbrandtsen Lines, Inc.*, 431 F.2d 814 (2d Cir. 1970). 5A Moore's Federal Practice ¶ 50.08. This requirement is embodied in the clear language of Rule 50(b), F.R.Civ.P.:

> "Not later than 10 days after entry of judgment, *a party who has moved for a directed verdict* may move to have the verdict and any judgment entered thereon set aside and to have judgment entered *in accordance with his motion for a directed verdict . . . .*" (Emphasis supplied.)

In any event, even if plaintiff had moved for a directed verdict, the Court is constrained to conclude that this is not a proper case for granting a motion for judgment n. o. v. When deciding to grant such a motion, we must resolve all issues of credibility in favor of the non-movant, *Brady v. Southern Railway Co.*, 320 U.S. 476, 479–80, 64 S.Ct. 232, 234, 88 L.Ed. 239 (1943); *Gehrhardt v. General Motors Co.*, 581 F.2d 7, 10 n.3 (2d Cir. 1978); and cannot assess the weight of conflicting evidence or substitute our judgment for that of the jury. *Mattivi v. South African Marine Corp., supra*, 618 F.2d at 167. Rather,

> "after viewing the evidence in a light most favorable to the non-moving party

(giving the non-movant the benefit of all reasonable inferences) the trial court should grant a judgment n. o. v. only when (1) there is such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture, or (2) there is such an overwhelming amount of evidence in favor of the movant that reasonable and fair minded men could not arrive at a verdict against him." *Id.* at 167–68.

With these principles in mind, we turn to the evidence in this case. It was uncontested that defendant was the original beneficiary named by Otto Taray, and that he executed an instrument assigning the benefits and a power of attorney in favor of plaintiff. In addition, plaintiff conceded that no consideration for the assignment was given. It was defendant's contention at trial that he had been fraudulently induced to execute the documents by false representations made to him by plaintiff through her attorney. Specifically, defendant testified that he felt sorry for plaintiff and made the assignment solely in reliance on her attorney's representation to him that the death benefits amounted to no more than "a few hundred dollars."

It is clear that such a representation would have been false, since the benefits amounted to some $31,000. Since there was plainly conflicting testimony as to whether plaintiff's attorney in fact made the representation, on a motion of this type the Court is not permitted to disturb the jury's decision to believe defendant. Plaintiff attempted to show that defendant, who was himself a teacher, could not have reasonably relied upon the alleged misrepresentation. Again, however, in the light of defendant's plain testimony to the contrary, the Court cannot say that regarding this issue, "reasonable men can reach only one conclusion." *Miller v. New York Produce Exchange*, 550 F.2d 762, 767 (2d Cir. 1977).

Plaintiff contends that her motion must be granted because defendant failed entirely to adduce evidence to show that, at the time of the alleged misrepresentation, plaintiff or her attorney knew of its falsity.

However, plaintiff's attorney conceded that he had a general familiarity with the New York State Teachers' Retirement System and that he knew Otto Taray had been a teacher for many years and that the benefits could have been substantial. In addition, the attorney told defendant that the matter was too complex to be discussed over the telephone and that he had to visit defendant in his office in Glassboro, New Jersey. The attorney prepared the assignment and power of attorney beforehand and then, with plaintiff, drove several hours from his office on Long Island to meet with defendant. The attorney stated that the sole purpose for the trip was to obtain defendant's signature, which he did after a few minutes of conversation. He further testified that even though he had no knowledge of the amount of the benefits involved, he was willing, as he put it, to "kill a day" in the hope of helping plaintiff, who had been introduced to him by a friend.

At trial, defendant argued to the jury that the attorney's considerable efforts could only be explained by his knowledge that the benefits amounted to much more than a few hundred dollars. The jury apparently accepted this argument. As the Court is bound on this motion to draw all reasonable inferences for defendant, viewing the evidence in the light most favorable to him, we cannot say that there was no basis in the evidence to support the jury's inference that the attorney knew the benefits were substantial.

Finally, we observe that in response to both parties' requests for instructions with regard to the critical issues of credibility, the Court charged the jury that if it found any witness had wilfully testified falsely in some respect, the jury could disregard the testimony of that witness in its entirety or accept whatever portion commended itself to their belief. Moreover, plaintiff's trial counsel argued in summation that the witnesses' credibility was so central to this case that the jury should find for defendant if it could not accept the testimony of plaintiff or her former attorney. The jury reached a decision which we cannot impeach, since

"[c]ourts are not free to reweigh the evidence and set aside the jury verdict merely because the jury could have drawn different inferences or conclusions or because judges feel that other results are more reasonable." *Tennant v. Peoria & Pekin Union Railway Co.*, 321 U.S. 29, 35, 64 S.Ct. 409, 412, 88 L.Ed. 520 (1944), quoted with approval in *Berner v. British Commonwealth Pacific Airlines Ltd.*, 346 F.2d 532, 536 (2d Cir. 1965).

Under these circumstances, to grant plaintiff's motion would be improper[1] and it is therefore denied.

SO ORDERED.

---

1. Similarly, plaintiff's motion for a new trial cannot be granted. It may be true, as plaintiff argues, that substantial evidence was introduced in an attempt to rebut defendant's defense of fraudulent inducement. However, as discussed above, since the resolution of the questions thus raised turned entirely on the credibility of the witnesses, the Court is constrained to accept defendant's argument that it would be an invasion of the jury's province, and an abuse of our discretion, to substitute our assessment of the testimony and give plaintiff another chance at a new trial. See *Fireman's Fund Ins. Co. v. Aalco Wrecking Co.*, 466 F.2d 179 (8th Cir. 1972), *cert. denied*, 410 U.S. 930, 93 S.Ct. 1371, 35 L.Ed.2d 592 (1973). While we might be of opinion that a different result would be more reasonable, that is not sufficient ground for the grant of a new trial. *Duncan v. Duncan*, 377 F.2d 49 (6th Cir. 1967).